UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES DEADWILEY, | ) | CASE NO. 1:25-CV-1110 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| STATE OF OHIO, *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

## I.  INTRODUCTION

*Pro se* Plaintiff James Deadwiley brings this action under 42 U.S.C. § 1983 against the State of Ohio, Cuyahoga County, the Ohio Department of Rehabilitation and Corrections ("ODRC"), and the Cuyahoga County Sheriff, claiming he was denied a speedy trial. (ECF No. 1). He asks this Court to order the State of Ohio to give him a new trial. (*Id*. at PageID #5).

## II.  BACKGROUND

Plaintiff was arrested on July 22, 2017 and charged in the Cuyahoga County Court of Common Pleas with two counts of felonious assault, two counts of domestic violence, two counts of endangering children, and one count of having a weapon under disability. *See State of Ohio v. Deadwiley*, No. CR-17-619876-A (Cuyahoga Cty Comm. Pl. Ct. Sep. 13, 2019). Four months later, on November 1, 2017, Plaintiff was indicted on charges of rape, attempted rape, and kidnapping with sexually violent offender specifications for an incident that occurred on May 25, 2014. *See State of Ohio v. Deadwiley*, No. CR-17-622444-A (Cuyahoga Cty Comm. Pl. Ct. Apr. 2, 2019). Plaintiff was tried on the rape, attempted rape, and kidnapping charges on February 8, 2019. *Id*. He was found guilty on all charges on February 12, 2019, and was sentenced on April 2, 2019, to an aggregate total of fifteen years to life in prison. *Id*. He was tried on the felonious

1

assault, domestic violence, child endangering, and having a weapon under disability charges on September 12, 2019. *State of Ohio v. Deadwiley*, No. CR-17-619876-A (Cuyahoga Cty Comm. Pl. Ct. Sep. 13, 2019). He was found not guilty of those charges. *Id*. Plaintiff filed a motion for jail time credit on June 12, 2020. *State of Ohio v. Deadwiley*, No. CR-17-622444-A (Cuyahoga Cty Comm. Pl. Ct. Apr. 2, 2019). The trial court granted his motion and credited 763 days to his sentence for time he spent in jail awaiting trial and transport to prison. *Id*.

Plaintiff filed this action on May 29, 2025, claiming he was denied a speedy trial and asking this Court to order the State of Ohio to give him a new trial. (ECF No. 1, PageID #5). He contends he was held in jail for three years while he was awaiting trial. (*Id*.). It appears from the Cuyahoga County Common Pleas Court docket that he was indicted on the rape, attempted rape, and kidnapping charges on November 1, 2017 and was convicted on February 12, 2019, which suggests he was held as a pretrial detainee in Case No. CR-17-622444-A for 1 year, 3 months, and 11 days.

### III.   STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

*Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleadings in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### IV. DISCUSSION

Upon review, the Court finds that Plaintiff's Complaint must be dismissed pursuant to § 1915(e) because it fails to state a plausible federal civil rights claim upon which he may be granted relief. Beginning with *Preiser v. Rodriguez*, 411 U.S. 475 (1973), federal courts have drawn careful lines between relief properly considered in a habeas corpus action and relief that is proper to a civil rights action under 42 U.S.C. § 1983. The Supreme Court held in *Preiser* that state prisoners who seek to challenge their convictions or their sentences, as Plaintiff does here, must seek habeas corpus relief under 28 U.S.C. § 2254 rather than relief in a civil rights action under § 1983. *See Id*. at 500 ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Because Plaintiff challenges the validity of a state criminal conviction and seeks a new trial, his claim is not cognizable in a civil rights action. Accordingly, his complaint fails to state a plausible claim upon which he may be granted relief.

Further, even if Plaintiff's complaint asserted a cognizable civil rights claim, his action is

3

time-barred. His complaint challenges a 2019 conviction. A civil rights complaint under § 1983 is governed by Ohio's two-year statute of limitations. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding the appropriate statute of limitations for § 1983 civil rights actions arising in Ohio is the two-year limitation contained in Ohio Rev. Code § 2305.10). Plaintiff's trial began on February 8, 2019 and he was convicted on February 12, 2019. *See State of Ohio v. Deadwiley*, No. CR-17-622444-A (Cuyahoga Cty Comm. Pl. Ct. Apr. 2, 2019). He filed this action on May 29, 2025, more than six years after his conviction. (ECF No. 1). The limitation period has run, and this action is untimely.

## V. CONCLUSION

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: July 10, 2025

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**